# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                                       **Case No. 12-CR-116**

**PHILLIP WENTZEL**
    **Defendant.**

## ORDER

Defendant Phillip Wentzel filed a motion under Fed. R. Crim. P. 41(g) seeking return of property seized by the government in this case. In its response, the government indicates that it no longer possesses the requested items: the Dell laptop and internal hard drive were destroyed pursuant to the court's forfeiture order; the Dell desktop computer was returned by the FBI to defendant's then-wife in August 2012; and the U.S. Cellular telephone was returned to another person on behalf of defendant's then-wife in November 2013.

In his reply, defendant requests that the government provide records of destruction of the Dell laptop, indicating when and why his personal property was destroyed given his repeated attempts to have property returned since his arrest in May 2012. The government attached to its response documentation of the disposal. (R. 59-1.) Further, the court ordered forfeiture of these items (R. 21), and defendant may not use Rule 41(g) to challenge this aspect of his sentence. Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007).

Defendant asserts that the Dell desktop and U.S. Cellular phone were his personal property, and he never authorized the government to release these items to anyone. He seeks clarification as to why and under what auspices his property was released without

authorization. He further requests that the court order the return of this property to his mother. Because the government is not in possession of this property, defendant may not use Rule 41(g) to seek its return. United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997).[1]

Finally, defendant contends that an agent made a mirror image copy of the Dell laptop's hard drive. He requests that the court order the government to return his personal files from the imaged copy of the Dell hard drive. I will permit the government to file a sur-reply addressing whether it retains an imaged copy of the hard drive and, if so, where any of its contents may be returned.

**IT IS ORDERED** that the government file a sur-reply on or before **May 5, 2015**.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] The government attached to its response receipts for the release of this property (R. 59-2, 59-3), and defendant does not contend that the government or government agents have actually retained possession of it.