UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              Case No. 12-CR-116

**PHILIP WENTZEL**
   **Defendant.**

## DECISION AND ORDER

Defendant Philip Wentzel filed a motion for return of property pursuant to Fed. R. Crim. P. 41(g). On review of the submissions and documentary evidence submitted by the government, I deny the motion.

## I. BACKGROUND

On September 20, 2012, defendant pleaded guilty to production of child pornography. As part of his plea agreement, he agreed that the items listed in the forfeiture notice of the indictment were used to facilitate the offense, to the forfeiture of these properties, and to the entry of an immediate preliminary order of forfeiture. On December 7, 2012, I entered a preliminary order forfeiting defendant's interest in a Dell laptop computer, a Western Digital external hard drive, and a Hewlett Packard Photo Smart camera. On December 21, 2012, I sentenced defendant to 40 years in prison.[1] On January 18, 2013, the government filed notice of forfeiture, and on May 16, 2013, I entered a final order of forfeiture of the laptop, external

---

[1]Defendant filed a notice of appeal but later dismissed his direct appeal. On October 17, 2014, he filed a 28 U.S.C. § 2255 motion to vacate his sentence. I denied that motion on October 30, 2014, and defendant did not appeal the denial.

hard drive, and camera.

On February 9, 2015, defendant filed the instant motion under Rule 41(g). In the motion, he asked for the return of all photo and video files contained on the internal hard drive of the Dell laptop computer seized from his Cleveland Avenue address on May 2, 2012; all photo and video files contained on his Dell desktop computer seized on May 2, 2012, from his 122nd Street address; and all photo, video, and address book files contained on the SIM card of the U.S. Cellular phone seized from his person at the time of his arrest on May 2, 2012.[2]

On February 10, 2015, I directed the government to respond. In its March 5, 2015 response, the government indicated that it was no longer in possession of the requested items: the Dell laptop and internal hard drive were judicially forfeited and later destroyed pursuant to the court's order; the Dell desktop computer was returned by the FBI to defendant's then-wife in August 2012; and the U.S. Cellular telephone was returned (along with other items) to another person on behalf of defendant's then-wife in November 2013. The government attached to its response documentation of the disposal of the laptop and hard drive (R. 59-1), and signed FBI property receipts for the return of the other property (R. 59-2 & 59-3).

On March 6, 2015, I issued an order noting that, ordinarily, the fact that the government does not possess the subject property is conclusive ground for denial of a Rule 41(g) motion. Okoro v. Callaghan, 324 F.3d 488, 490-92 (7th Cir. 2003). I further noted that Rule 41(g) may not be used to challenge a completed forfeiture. See Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007). However, I allowed defendant to file a reply before ruling.

---

[2]Defendant lived at the Cleveland Avenue address with a co-worker at the time of his arrest. He previously lived with his then-wife at the 122nd Street address. (PSR ¶ 130; see also R. 59-2, indicating that she continued to live at the 122nd Street address in August 2012.)

2

In his April 10, 2015 reply, defendant requested that the government provide records of the destruction of the Dell laptop, indicating when and why his personal property was destroyed given his repeated attempts to have property returned since his arrest in May 2012. Defendant further asserted that the Dell desktop and U.S. Cellular phone were his personal property, and he never authorized the government to release these items to anyone. He sought clarification as to why and under what auspices his property was released without authorization. He further requested that the court order the return of this property, or at a minimum the family and personal photos contained on each, to his mother. Finally, defendant asserted that an agent made a "mirror image" copy of the laptop's hard drive and requested that the court order the government to return his personal files from the imaged copy.

On April 14, 2015, I issued a order noting that the government had attached to its response documentation of the disposal of the Dell laptop. (R. 59-1.) I further noted that the court ordered forfeiture of this item (R. 21), and that defendant could not use Rule 41(g) to challenge this aspect of his sentence. Young, 489 F.3d at 315. Regarding the Dell desktop and U.S. Cellular phone, I noted that the government attached to its response receipts for the release of this property (R. 59-2, 59-3), and that defendant made no claim that the government or government agents actually retained possession of it. I further noted that, because the government was not in possession of this property, defendant could not use Rule 41(g) to seek its return. United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997). Finally, I allowed the government to file a sur-reply addressing whether it retained an imaged copy of the hard drive.

On May 5, 2015, the government replied that the mirror image of the hard drive was no longer in the FBI's possession. The mirror image was deleted from the FBI server pursuant to standard practice once the case closed.

## II.  DISCUSSION

Rule 41(g) provides:

Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). A claim under Rule 41(g) may be brought as an ancillary proceeding to the criminal case. Okoro, 324 F.3d at 490.

Defendant seeks no relief other than return of the property, which I cannot order.[3] First, he may not use Rule 41(g) to seek return of the laptop computer because it has been forfeited and destroyed. See Young, 489 F.3d at 315 ("Although we have recognized that a motion labeled as one under Rule 41 is sufficient to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case, a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all[.]") (internal citations omitted); see also United States v. Cubie, 543 Fed. Appx. 595, 597 (7th Cir. 2013) ("Here the district court received records reflecting that Cubie's car was forfeited to local police. This was indeed reason enough to deny the request for the car, since Rule 41(g) provides no relief if the federal government does not possess the property.").

Second, because the government is not in possession of the desktop computer and cell phone (or the mirror image of the now-destroyed laptop hard drive), defendant may not obtain

---

[3] Neither side requests an evidentiary hearing, and there are no material factual disputes. The government has presented reliable documentation regarding the disposal of the subject property, the accuracy of which defendant has not challenged. See Stevens v. United States, 530 F.3d 502, 505 (7th Cir. 2008).

4

the return of this property under Rule 41(g). See Okoro, 324 F.3d at 491 ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property by the government, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion."); Solis, 108 F.3d at 723 ("Because the United States was not in possession of the vehicle at the time Mr. Solis filed his motion, . . . it is not the appropriate party from which to request its return.").

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 57) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge